Filing # 133375184 E-Filed 08/25/2021 11:29:38 AM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| Matthew Bilancia,<br><br>*Plaintiff,*<br><br>v.<br><br>Verizon Wireless Services, LLC,<br>Sequium Asset Solutions, LLC, and<br>I.C Systems, Inc.,<br><br>*Defendants.* | Case No.: _____<br><br>Division: _____<br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Matthew Bilancia**, ("Mr. Bilancia"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Verizon Wireless Services, LLC** ("**Verizon**"), Sequium Asset Solutions ("**Sequium**"), and I.C. Systems, Inc. ("**I.C. Systems**") (collectively, "**Defendants**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking less than $8,000.00 in damages brought by Mr. Bilancia against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and the FCCPA, Section 559.77(1).

3. The Defendants are subject to the provisions of the FDCPA and the FCCPA, and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendants within Hillsborough County.

## PARTIES

5. **Mr. Bilancia** is a natural person residing in Riverview, Hillsborough County, Florida and is a "consumer" as defined by the FDCPA and FCCPA, 15 U.S.C. § 1692a(3), FCRA and Section 559.55(8), Florida Statutes, respectively.

6. **Verizon** is a Delaware limited liability corporation with a primary business address of **1 Verizon Way, Basking Ridge, NJ 07920**.

7. Verizon is registered to conduct business in the state of Florida, where its registered agent is **C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**.

8. **Sequium** is a Georgia limited liability company with a primary business address of **1130 Northchase Parkway SE, Suite 150, Marietta, GA 30067**.

9. Sequium is registered to conduct business in the State of Florida, where its registered agent is **Registered Agent Solutions, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, FL 32301**.

10. **I.C. Systems** is a Minnesota corporation with a primary business address of **444 Highway 96 East, St. Paul, MN 55127**.

11. I.C. Systems is registered to conduct business in the state of Florida, where its Registered Agent is **C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**.

12. Sequium and I.C. Systems are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. §1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that they use postal mail, an instrumentality of commerce, both interstate and within the state of Florida, for their

businesses, the principal purposes of which are the collection of debts. Alternatively, the Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

13. Mr. Bilancia, prior to December 2020, was a loyal Verizon customer since 2003.

14. In November 2020, Mr. Bilancia purchased an IPhone 12 MaxPro from an Apple Store and traded in his old phone as part of the purchase.

15. Mr. Bilancia paid the sales tax for the phone at the time of purchase.

16. The IPhone 12 MaxPro was to be financed through Verizon as part of his monthly bill.

17. Mr. Bilancia returned the IPhone 12 Max Pro back to the Apple store and purchased a second one because the requisite 5G SIM card was not included with the phone.

18. The lack of this 5G SIM card renders the phone non-operational on Verizon's network.

19. Much to Mr. Bilancia's dismay, this second IPhone 12 MaxPro also lacked a 5G SIM card.

20. Mr. Bilancia returned the second IPhone 12 MaxPro to the same Apple Store.

21. Mr. Bilancia purchased a third IPhone 12 MaxPro from a Verizon Wireless Store.

22. Once again, the requisite SIM card was not included with the phone making it non-operational.

23. Mr. Bilancia mailed back the phone and received confirmation that it was received.

24. Shortly after Mr. Bilancia received conformation the return was received and processed, Mr. Bilancia was refunded $98.52, the sales tax he paid for the purchase of the phone.

25. After the this SIM card strikeout by Apple and Verizon, Mr. Bilancia terminated his relationship with Verizon and transferred his phone number to a different carrier.

26. Mr. Bilancia had a zero balance with Verizon at the time of termination of services.

27. Despite this, Verizon later claimed $1,159.00 remained unpaid and owed.

28. In December 2020, Verizon charged Mr. Bilancia's Chase credit card the $1,159.00 they claimed Mr. Bilancia owed for the Iphone 12 MaxPro and wireless service charges for November 2020.

29. Mr. Bilancia disputed this charge with Chase and was refunded $1,080, the amount associated with the cost of the Iphone.

30. However, Mr. Bilancia was never refunded the service charge during this time period when he was in possession of a device that was operational with Verizon's network.

31. In January 2021, Verizon *again* charged Mr. Bilancia Chase card for $1,080.

32. Chase again returned the $1,080 to Mr. Bilancia after he disputed the charge.

33. Verizon still claims Mr. Bilancia owes $1,080, the retail price of the Iphone 12 MaxPro (the "**Debt**" or "**alleged Debt**").

34. Because the alleged Debt arose from services which were for family, personal, or household purposes, specifically, *cellphone*, the Debt meets the definition of "debt" within both the FCCPA, 15 U.S.C. § 1692a(5), and FCCPA, Section 559.55(6), Florida Statutes.

35. It was clear from Mr. Bilancia's actions and communications that any alleged amount still owed was disputed.

36. At some point before or around March 2021, Verizon assigned the Debt to Sequium.

### Placement of the Debt With Sequium

37. On or about March 8, 2021, Sequium called Mr. Bilancia regarding the debt stating it was collecting on behalf of Verizon.

38. Mr. Bilancia once again disputed the debt to Sequium.

39. Verizon communicated information to Sequium, including the amount, the original creditor, the date of delinquency, the nature of the Debt, and Mr. Bilancia's personal contact information.

40. Mr. Bilancia never consented to the disclosure of information about the Debt to Sequium – an unrelated third party.

41. Sequium are not attorneys for Verizon, nor has the Debt been reduced to judgment at any point, nor is Sequium a CRA.

42. Upon information and belief, when assigning the Debt to Sequium for collection, Verizon did *not* disclose to Sequium that the Debt was disputed, despite the fact Verizon knew it was disputed since Mr. Bilancia disputed his bill directly with Verizon.

43. At no point did Mr. Bilancia indicate to Verizon or any of its agents he no longer disputed the Debt.

### Placement of the Debt With I.C. Systems

44. In or around April 2020, Verizon recalled the Debt from Sequium and re-assigned it to I.C. Systems for collection.

45. I.C. Systems then called Mr. Bilancia regarding the debt stating it was collecting on behalf of Verizon.

46. Verizon communicated information to I.C. Systems, including the amount, the original creditor, the date of delinquency, the nature of the Debt, and Mr. Bilancia's personal contact information.

47. Mr. Bilancia never consented to the disclosure of information about the Debt to I.C. Systems – an unrelated third party.

48. I.C. Systems are not attorneys for Verizon, nor has the Debt been reduced to judgment at any point, nor is I.C. Systems a CRA.

49. Upon information and belief, when assigning the Debt to I.C. Systems for collection, Verizon did *not* disclose to I.C. Systems that the Debt was disputed, despite the fact Verizon knew it was disputed since Sequium, its agent, had communicated Mr. Bilancia disputed the Debt back in December 2020.

50. Verizon also had a direct dispute from Mr. Bilancia in December 2020 and January 2021.

51. At no point did Mr. Bilancia indicate to Verizon or any of its agents he no longer disputed the Debt.

52. In Furtherance of its collection efforts, Verizon reported the alleged debt to all three big Credit Reporting Agencies ("**CRAs**"), Experian Information Solutions, Inc. ("**Experian**"), Equifax Information Services, LLC ("**Equifax**"), and Trans Union, LLC ("**Trans Union**").

53. Upon information and belief, Sequium and I.C. Systems also reported the debt to Mr. Bilancia's credit as a collection account.

54. Upon information and belief, Sequium and I.C. Systems failed to acknowledge in this reporting that the debt was disputed by the Consumer.

55. Mr. Bilancia has been damaged in that his personal and highly confidential information has been obtained an entity with whom he did not consent and had no other permissible purpose to obtain such information.

56. Additionally, Mr. Bilancia's credit was damaged due to the presence of the improper collection accounts reported to his credit.

57. As a result of this effect on Mr. Bilancia's credit, he was unable to qualify for the waitlist for a new vehicle he wished to purchase.

58. Mr. Bilancia has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees or has assigner his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FCCPA-Verizon Only

59. Mr. Bilancia adopts and incorporates paragraphs 1 –58 as if fully restated herein.

60. Verizon violated Section **559.72(9)**, when it charged Mr. Bilancia *twice* for a Iphone 12 ProMax that he had returned. Verizon also violated this statute when it charged him for cellular service in November 2020 after failing to provide him a working device.

61. Verizon violated Section **559.72(6)** when it communicated information about the Debt to Sequium and I.C. Systems, and failing to disclose the Debt was disputed, despite knowing of Mr. Bilancia's dispute since at least December 2020.

62. By their conduct, Verizon is liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Mr. Bilancia respectfully requests this Honorable Court enter judgment against Verizon for:

a. Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

b. Actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Equitable relief enjoining Verizon from any further violation of the FCCPA;

d. Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

e. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FDCPA - Sequium Only

63. Mr. Bilancia adopts and incorporates paragraphs 1 – 58 as if fully stated herein.

64. Sequium, as agent for Verizon, violated **15 U.S.C. § 1692e, 15 U.S.C. § 1692e(8), and 1692e(10)** when it made false representations in connection with collection of the debt, specifically, when it stated the debt was not disputed and told Plaintiff he needed to re-dispute the debt.

65. Sequium, as agent for Verizon, violated **15 U.S.C. § 1692f(1)** when it claimed a debt of $1,080 was owed for a cellphone, despite receiving and processing the return of the cellphone from Mr. Bilancia and refunding him the sales tax he paid.

66. **WHEREFORE,** Mr. Bilancia respectfully requests this Honorable Court enter judgment in his favor against Sequium for:

    a. Statutory damages of **$1,000,** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FDCPA – I.C Systems only

67. Mr. Bilancia adopts and incorporates paragraphs 1 – 58 as if fully stated herein.

68. I.C. Systems, as agent for Verizon, violated **15 U.S.C. § 1692e, 15 U.S.C. § 1692e(8), and 1692e(10)** when it made false representations in connection with collection of the debt, specifically, when it stated the debt was not disputed and told Plaintiff he needed to re-dispute the debt.

69. I.C. Systems, as agent for Verizon, violated **15 U.S.C. § 1692f(1)** when it claimed a debt of $1,080 was owed for a cellphone, despite receiving and processing the return of the cellphone from Mr. Bilancia and refunding him the sales tax he paid

**WHEREFORE,** Mr. Bilancia respectfully requests this Honorable Court enter judgment in his favor against I.C. Systems for:

a. Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Bilancia demands a jury trial on all issues so triable.

Respectfully submitted **August 25, 2021** by:

> SERAPH LEGAL, P. A.
> /s/ *Bridget L. Scarangella*
> Bridget L. Scarangella, Esq.
> Florida Bar No.: 1022866
> BScarangella@seraphlegal.com
> /s/ *Thomas M. Bonan*
> Thomas M. Bonan, Esq.
> Florida Bar No.: 118103
> tbonan@seraphlegal.com
> 1614 North 19th Street
> Tampa, FL 33605
> Tel: 813-567-1230
> Fax: 855-500-0705
> Counsel for Plaintiff